IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 9, 2007

**TERRANCE BURNETT v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6484-A     Joseph H. Walker, Judge**

---

**No. W2006-01063-CCA-R3-PC  - Filed May 8, 2007**

---

The Appellant, Terrance Burnett, proceeding *pro se*, appeals the Lauderdale County Circuit Court's dismissal of his petition seeking DNA analysis under the Post-Conviction DNA Analysis Act of 2001.  On appeal, Burnett argues that the trial court's summary dismissal of his petition was error. Finding no error, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Terrance Burnett, *Pro Se*, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

The following background is presented:

On October 6, 1997, [the Appellant] was indicted on two counts of felony murder, two counts of attempted first degree murder, one count of especially aggravated burglary, and one count of aggravated assault.  The trial court appointed counsel to [the Appellant], and the State filed a Notice of Intent to Seek the Death Penalty.  On January 22, 1999, as a result of negotiations with the State and the advice of counsel, [the Appellant] pleaded guilty to two counts of felony murder, two counts of attempted first degree murder, and one count of especially aggravated burglary.  In exchange for his pleas, the trial court sentenced [the Appellant] to life

imprisonment without the possibility of parole, twenty years, and eight years, respectively.

*Burnett v. State*, 92 S.W.3d 403, 405 (Tenn. 2002).

On April 7, 2006, the Appellant filed, in the Lauderdale County Circuit Court, a *pro se* pleading styled "Petitioner's Request for Forensic DNA Analysis Pursuant to § T.C.A. Title 40 Chapter 26 & 30 of the Post-Conviction Act of 2001." On April 20, 2006, the trial court found that the Appellant had not satisfied the prerequisites for ordering a DNA analysis and denied the petition. This timely appeal followed.

**Analysis**

In his petition, the Appellant alleges that the probability existed that "[he] would not have been prosecuted and/or convicted if exculpatory results had been obtained through DNA Analysis" and that "[the] availability of DNA Analysis would [have] produced a more favorable result leading to the petitioner's innocence of the charged offense."[1] The Post-Conviction DNA Analysis Act of 2001 allows a defendant convicted of certain crimes, including first degree murder, to petition the court at any time for DNA analysis of evidence in the possession or control of the State. T.C.A. § 40-30-303 (2003). Under the mandatory provisions of Tennessee Code Annotated section 40-30-304, the trial court is required to order DNA analysis when:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-304 (2003).

---

[1] On appeal, the *pro se* Appellant also raises the additional issue of "Whether The Trial Judge 'Abuse Its Discretion' By Not Withdrawn Counsel From Petitioner Case Upon Counsel Requested And Appointed Another Counsel That Is Qualified To Handle Death Penalty Cases. And His Ability To Requested For D.N.A." Clearly, this issue is not cognizable within the narrow scope of the Post-Conviction DNA Analysis Act. *See* T.C.A. § 40-30-301, *et seq*. (2006).

Under the discretionary provisions of Tennessee Code Annotated section 40-30-305, the trial court may also order DNA analysis when the above enumerated factors (2), (3) and (4), as contained in Tennessee Code Annotated section 40-30-304, are satisfied and:

> (1) A reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction[.]

T.C.A. § 40-30-305 (2003).[2]

The trial court summarily dismissed the Appellant's petition finding that "[t]he [Appellant] fails to meet the criteria in the allegations." The record supports the finding of the trial court. First, the Appellant fails to provide any facts to support his assertion that if exculpatory results had been obtained through DNA analysis, there is a reasonable probability he would not have been prosecuted or convicted and that the verdict or sentence imposed would have been more favorable. Second, the Appellant fails to assert in his petition that there is any biological evidence still in existence and in such condition that would permit DNA testing. Finally, the Appellant fails to assert whether the evidence, if any, has ever previously been subjected to DNA analysis. This court has held that "[t]he failure to meet any of the qualifying criteria is, of course, fatal to the action." *William D. Buford v. State*, No. M2002-02180-CCA-R3-PC (Tenn. Crim. App. at Nashville, Apr. 24, 2003), *perm. to appeal dismissed*, (Tenn. Sept. 2, 2003).

Our review of a trial court's decision summarily denying a petitioner's request for DNA analysis is *de novo*, because the issue presents a question of law. *See Burnett*, 92 S.W.3d at 406. After *de novo* review, we conclude that the Appellant has failed to allege facts which would satisfy the criteria for ordering DNA testing pursuant to the DNA Analysis Act.

## CONCLUSION

Based upon the foregoing, the decision of the Lauderdale County Circuit Court denying the Appellant's Request for Forensic DNA Analysis is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[2]The Appellant's petition alleges entitlement to relief under both the mandatory authority of Tennessee Code Annotated section 40-30-304 and the discretionary authority of Tennessee Code Annotated section 40-30-305.